UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANGELIQUE R. SWIEDA,**

         **Plaintiff,**

**-vs-**                                         **Case No.  6:06-cv-1248-Orl-19KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

         **Defendant.**

_____

## ORDER

This case comes before the Court on the following:

1. Report and Recommendation of the United States Magistrate Judge Regarding the Complaint of Thomas Swieda (Doc. No. 24, filed Jan. 7, 2008);

2. Objection of Plaintiff to the Magistrate's Report and Recommendation (Doc. No. 25, filed Jan. 16, 2008); and

3. Response of Defendant to Plaintiff's Objection to the Magistrate's Report and Recommendation (Doc. No. 26, filed Jan. 31, 2008).

**Background**

Thomas Swieda ("Swieda") filed this lawsuit in August of 2006, seeking a review of the Commissioner of Social Security's ("Commissioner") decision to deny his claim for social security disability benefits.  (Doc. No. 1, filed Aug. 21, 2006.)  After Swieda died in April of 2006, his wife, Angelique Swieda, was substituted as the plaintiff.  (Doc. No. 23, filed June 12, 2007.)  On January 7, 2008, the Magistrate Judge issued a Report and Recommendation which recommended that the

Commissioner's decision be affirmed. (Doc. No. 24.) Ms. Swieda objects to the Magistrate's conclusion. (Doc. No. 25.)

Mr. Swieda filed an application for social security disability benefits on May 16, 2003. (R. at 16.)[1] He alleged multiple disabilities, most prominently "degenerative disc disease," an orthopaedic disorder characterized in some cases by the narrowing of spinal discs. (*Id.* at 16-19.) The Social Security Administration ("SSA") initially denied Swieda's application. (*Id.* at 16). Swieda appealed and ultimately obtained a hearing before an Administrative Law Judge (ALJ). (*Id.*) Mr. Swieda, accompanied by a representative who was not an attorney, testified at the hearing, as well as Casey Vass, a vocational expert. (Doc. No. 24 at 2.) Mr. Swieda's medical records, including the opinions of several treating and consulting physicians, were filed and considered by the ALJ. (*Id.*)

> The SSA evaluates applications for disability benefits under a five step process:
>
> (1) Is the claimant presently unemployed?
> (2) Is the claimant's impairment severe?
> (3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the claimant unable to perform his or her former occupation?
> (5) Is the claimant unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a)(4). An affirmative answer to any of the above questions leads to either the next question, or, on steps three and five, to a finding of disability. *See*, *e.g.*, *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1987). The opinions of treating and consulting physicians are relevant to all but the first step. *See* 20 C.F.R. § 404.1520(a)(4).

---

[1] All references to the Certified Record, which was filed separately and is not available through the electronic filing system, will be designed as "R at __."

Mr. Swieda was treated by multiple doctors since his alleged disability began in November of 2001 . (*Id.* at 18-19, 145-270.) In addition, several non-treating doctors reviewed Swieda's medical records in the course of rendering written opinions about the severity of his condition. (*Id.*) The various doctors came to differing conclusions regarding Swieda's functional limitations. (*Id.* at 20-22.) Two physicians, Dr. Reuben E. Brigerty and Dr. Richard Hynes, concluded that Swieda was unable to frequently lift ten pounds, supporting a conclusion that he could not perform even sedentary tasks. (*Id.* at 21-22.) On the other hand, Dr. Eric Puestow concluded that Swieda could perform sedentary work. (*Id.* at 21.) Brian Balgo, a physical therapist, conducted a "functional capacity evaluation," the results of which supported a similar conclusion. (*Id.* at 21, 187.) Finally, Dr. Paul Maluso and Dr. Hani El Kommos made medical findings which supported a conclusion that Swieda could perform sedentary work. (*Id.* at 21.)

Faced with conflicting opinions in the record, the ALJ rejected the opinions of Dr. Brigerty and Dr. Hynes. (*Id.* at 21-22.) The ALJ found that Dr. Brigerty's opinion was "not consistent" with the medical evidence on record. (*Id.* at 21.) Likewise, Dr. Haynes was a "surgeon, not a pain management specialist," saw Swieda only three times, and rendered an opinion that was inconsistent with both his own examinations of Swieda and the other evidence on record. (*Id.* at 22.) The ALJ ultimately concluded that Swieda:

> (1) had the residual functional capacity to lift and/or carry ten pounds;
> (2) could stand and/or walk two to four hours in an eight-hour workday; sit six hours in an eight-hour workday; and would periodically need to sit or stand to relieve discomfort;
> (3) could occasionally climb ramps and stairs but never climb ladders, ropes, and scaffolds;
> (4) can only occasionally stoop and crouch, and can never kneel and crawl; and
> (5) "experiences pain, which is noticeable[,] but he can stay on task as long as the tasks are within the physical limitations as described."

(*Id.* at 20.) Proceeding to the fourth and fifth steps of the analysis, the ALJ concluded that Swieda was unable to perform "any past relevant work" but was capable of working in several other jobs in the national economy. (*Id.* at 21-22.) Thus, Swieda was ineligible for disability benefits. (*Id.* at 23-24.)

Swieda appealed to this Court, objecting to the ALJ's method of weighing the various physicians' opinions. (Doc. No. 24 at 12.) Swieda particularly objected to the ALJ's rejection of Dr. Hynes' opinion. (*Id.*) The Magistrate disagreed with his arguments, concluding that the ALJ properly evaluated the opinions of the various physicians.[2] (Doc. No. 24 at 12-14.) The Magistrate noted that ALJ adopted some of Dr. Hynes' medical findings but ultimately rejected Hynes' opinion as inconsistent with the medical findings. (*Id.* at 13.) The Magistrate concluded:

> Because there were different opinions from two treating physicians, good cause necessarily existed to support the ALJ's determination of which opinion should be accorded great weight. The ALJ relied upon the opinion of Dr. Kommos because he had examined Swieda on more occasions and his opinion was consistent with other evidence in the record. The ALJ's reasoning is supported by substantial evidence.

(*Id.* at 13.)

Ms. Swieda makes only one specific objection to the Magistrate's findings. (Doc. No. 25 at 2.) According to Ms. Swieda, "[t]he Magistrate's findings that the ALJ relied upon the opinion of Dr. Kommos because the doctor had examined Mr. Swieda on more occasions and because this doctor's opinion is consistent with other evidence of record are not based on a finding by the Administrative Law Judge (ALJ) in his decision." (*Id.*) Ms. Swieda argues that the Magistrate's factual error was significant because the ALJ failed to specify exactly how much weight he gave to

---

[2] Pursuant to Local Rule 3.05, actions for review on an administrative record are automatically referred to a Magistrate Judge for case management.

the opinion of Dr. Kommos. (*Id.* at 2-3.) Ms. Swieda contends that the ALJ's omission amounted to a failure to apply the correct legal standard for weighing the opinion of a treating physician. (*Id.* at 3-4.) Because the ALJ applied the wrong legal standard, Ms. Swieda argues, the case must be reversed and remanded for consideration under the correct standard. (*Id.*)

Defendant responds that the Magistrate's summary was accurate because the ALJ indirectly refers to Dr. Kommos's findings. (Doc. No. 26 at 2.) More importantly, Defendant argues, Ms. Swieda's objection to the Magistrate's findings is "several steps removed from the real issue: whether the ALJ's decision is supported by substantial evidence." (*Id.* at 3.)

**Standard of Review**

The District Court's review of a final decision by the Social Security Administration ("SSA") is limited to determining (1) whether the ALJ's factual findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005), and (2) whether the ALJ correctly applied the appropriate legal standards. *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). Regarding factual findings, the Court "must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [SSA's] decision." *Chester v. Brown*, 792 F.2d 129, 131 (11th Cir. 1986). Despite the wide scope of review, however, the SSA's factual findings are presumed correct and should be affirmed so long as the findings are supported by substantial evidence, even if the Court finds that the proof preponderates in the opposite direction. *Dyer*, 395 F.3d at 1210. On the other hand, no such presumption attaches to the SSA's legal reasoning, and the Court must reverse if the SSA incorrectly applied the law or failed to provide sufficient reasoning to determine whether it correctly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

A party seeking to challenge the findings in a Report and Recommendation of the United States Magistrate Judge must file "written objections which specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989)).  If a party makes a proper objection, the District Court must conduct a *de novo* review of the portions of the report to which objection is made.  *Id.* at 783-84.  The District Court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge."  *Id.* at 784.

**Analysis**

Ms. Swieda argues that the Magistrate erred by finding that the ALJ relied on Dr. Kommos's opinion because (1) Dr. Kommos saw Swieda more times than Dr. Hynes, and (2) the opinion was consistent with the medical evidence on record.  (Doc. No. 25 at 2.)  She argues that the ALJ made no such finding and therefore failed to apply the correct legal standard.  (*Id.*)

The correct legal standard has been summarized many times by the Eleventh Circuit. According to the case law, an ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1527(d)(2)).  Good cause has been found where: (1) a doctor's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) where the doctor's opinion was conclusory or inconsistent with his or her own medical records.  *Id.*

The ALJ's decision correctly applies this legal standard.  The ALJ declined to give weight to the opinions of Dr. Brigerty and Dr. Haynes, both of whom rendered opinions in Swieda's favor.

(R. at 21-22.) According to the ALJ's reasoning, Dr. Brigerty's conclusion was inconsistent with the medical evidence in the record.[3] (*Id.* at 21.) Dr. Hynes' opinion suffered from the same flaw. (*Id.* at 22.) In both cases, substantial evidence supported the ALJ's conclusions. Dr. Brigerty and Dr. Hynes opined that Swieda's condition limited him from performing sedentary work, but these opinions were contradicted by much of the other medical evidence in the record and the opinions of the other doctors. (*Id.* at 21.) Thus, "good cause" existed to give less weight to their opinions. *Lewis*, 125 F.3d at 1440.

The ALJ's failure to explain how much weight he gave to Dr. Kommos's opinion cannot serve as a ground to reverse the decision. The Eleventh Circuit's case law only requires the ALJ to give an explanation when he chooses *not* to accept the opinion of a treating physician. *See Lewis*, 125 F.3d at 1440. Dr. Kommos was among three physicians who made findings contrary to Swieda's position. (R. at 21-22.) Dr. Kommos opined that Swieda could do sedentary work, and the ALJ ultimately adopted this conclusion. (*Id.* at 192-93.) It would have been helpful for the ALJ to explicitly endorse Dr. Kommos's opinion over Dr. Hynes' opinion, but the case law did not require him to do so. *Id.* The ALJ was only required to explain why he rejected Dr. Hynes' opinion. *Id.*

To the extent the Magistrate Judge made an inaccurate factual finding, the error was harmless because the ALJ applied the correct legal standard and made factual findings supported by

---

[3]     Furthermore, Dr. Brigerty was a "reviewing" physician rather than a "treating" physician. Accordingly, the ALJ was not *required* under the Eleventh Circuit's case law to articulate his reasons for giving less weight to Dr. Brigerty's opinion. *Lewis*, 125 F.3d at 1440.

substantial evidence.[4]  Accordingly, the Magistrate's conclusion was correct and the Commissioner's decision should be affirmed.

## Conclusion

Based on the foregoing, the Court **OVERRULES** the Objection of Plaintiff to the Magistrate's Report and Recommendation (Doc. No. 25, filed Jan. 16, 2008), and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Doc. No. 24, filed Jan. 7, 2008). The decision of the Social Security Administration is **AFFIRMED**. The Clerk shall enter judgment for the Defendant and close the case file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 4, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[4] As a practical matter, the Magistrate Judge correctly summarized the ALJ's reasoning, even though the ALJ did not explicitly state that he gave more weight to the opinion of Dr. Kommos for the reasons cited in the Magistrate's report. The only two treating physicians to be discussed in the section of the ALJ's decision dealing with Swieda's functional limitations were Dr. Hynes and Dr. Kommos. (R. at 21-22.) The ALJ concluded that Hynes' opinion lacked credibility in part because he had only seen Swieda three or four times. (*Id.*) This reasoning naturally implies that Dr. Kommos, the only other treating physician and possible comparator, had seen Swieda more frequently than Dr. Hynes. Dr. Kommos's notes support this conclusion, revealing that Dr. Kommos saw Swieda at least ten times. (R. at 188-196.) Similarly, the fact that the ALJ rejected Dr. Hynes' and Dr. Brigety's opinions as inconsistent with the medical evidence implies that the ALJ thought the other doctors' opinions were consistent with the medical evidence.